UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN BAXA AND LINDA BAXA | ) | CASE NO: |
| | ) | |
| PLAINITIFFS, | ) | SECTION: |
| | ) | |
| Versus | ) | MAGISTRATE JUDGE: |
| | ) | |
| SETURUS, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

## **COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes John and Linda Baxa (the "Plaintiffs"), who make this Complaint for Damages against Seterus, Inc. ("Seterus") by stating the following:

1.

Made defendant herein is Seterus, Inc., (the "Defendant" or alternately referred to as "Seterus") who, upon information and belief, is a Delaware corporation in good standing to do, and doing business in Louisiana.

2.

Seterus is a mortgage loan servicer, with its primary place of business in Hartford, Connecticut.

3.

Seterus is the servicer of Plaintiffs' home loan bearing the account number of XXXX5228. Said loan is secured by a mortgage on immovable property bearing the municipal address of 611 S. Fashion Blvd., Hahnville, LA 70057 (the "Property").

4.

Plaintiffs are residents of St. Charles Parish, Louisiana, and at all times hereto were mortgage holders against Seterus.

## JURISDICTION AND VENUE

5.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332, 1337 and 42 U.S.C. § 1983. Plaintiffs further aver that the amount in controversy also exceeds $75,000.00.

6.

Venue of this Court is proper pursuant to 28 U.S.C. § 1391(a) and (b).

7.

Since approximately December 2016, Seterus has been negligently and fraudulently mismanaging the Plaintiffs' loan, setting forth a series of events which has caused the Plaintiffs severe embarrassment, emotional anguish, has negatively impacted their credit, and has caused the Plaintiffs to be in default of their home loan, through no fault of their own.

8.

Pursuant to the terms of the loan, the Plaintiffs are to make monthly mortgage payments to Seterus in the amount of $1,863.41. This amount includes a monthly fee of $718.28 for escrows purposes including the payment of taxes and insurance on the Plaintiffs' property.

9.

At all times relevant hereto, Plaintiffs timely made their monthly mortgage payment.

10.

In December 2015, Plaintiffs property taxes became due and payable to the St. Charles Parish Sherriff's Office. The St. Charles Parish Sheriff serves as the property tax collector for the Parish. Upon information and belief, Seterus was provided the St. Charles Parish property tax bill for payment. Per the terms of Plaintiffs' original mortgage, Seterus had a duty to pay the property taxes in a timely manner with the funds accrued in Plaintiffs' escrow account. Seterus failed to make the tax payment when due on or before December 31, 2015.

11.

At some point in March 2016, employees of the St. Charles Parish Sheriff's department researched the court records for Plaintiffs' property, and saw that Plaintiffs' mortgage servicer was Seterus. The St. Charles Parish Sheriff's office sent another notice to Seterus regarding the past due taxes, and requested payment for the property taxes. Seterus still failed to pay the property taxes on property.

12.

On or about June 10, 2016, Plaintiffs received a letter from the St. Charles Parish Sheriff's office stating that the property had been sold at a tax sale for delinquent taxes. This is the first knowledge Plaintiffs had that Seterus had failed to pay the property taxes on their home.

13.

Shortly after the tax sale, Plaintiff Linda Baxa, a small business owner, and interior designer had customers come into her shop telling her that they saw her name in the paper for failing to pay her taxes. This caused Plaintiffs severe embarrassment and mental anguish.

14.

Plaintiffs informed Seterus their property taxes were not paid, and Seterus eventually did make the tax payments on Plaintiffs home; however, the tax payment made by Seterus was considerably more than what was owed, which included interest, costs and penalties.

15.

At some point in March 2017, Seterus did an escrow analysis on Plaintiffs' property for calculation of payment of taxes and insurance. This escrow analysis is required to be completed pursuant to the Real Estate Settlement Procedures Act ("RESPA"). When calculating the new escrow payment for property, Seterus did not calculate Plaintiffs' actual property tax amount. Instead, they calculated the penalty amount paid in 2016 due to Seterus' negligence in servicing Plaintiffs' loan. By calculating the penalty amount due on the taxes, and not the actual amount of taxes, Seterus increased Plaintiffs' monthly mortgage payment by $151.59 per month or $1,819.08 per year. In effect Seterus is making the Plaintiffs pay for Seterus' negligence in the management of Plaintiffs' loan.

16.

Not only did Seterus incorrectly calculate the Plaintiffs' escrow payment, but Seterus failed to inform Plaintiffs of the new mortgage payment, which was to go into effect in April 2017.

17.

As a result, Plaintiffs made their regular mortgage payment of $1,863.41 in April and May of 2017.

18.

In May 2017, Seterus falsely reported on Plaintiff's credit report that they failed to make their house payment, and were delinquent, despite accepting payment.

19.

In May 2017 attempted to buy a new car, but was denied credit due to the inaccurate reporting of Seterus.

## **COUNT 1:**

20.

Plaintiffs restate and reallege each and every allegation as if fully set forth herein.

21.

Defendant Seterus breached the Promissory Note and Mortgage by failing to timely pay their property taxes when funds were paid by the Plaintiffs and collected in escrow for the payment thereof

## **COUNT 2:**

23.

Plaintiffs restate and reallege each and every allegation as if fully set forth herein.

24.

Defendant Seterus was negligent in the servicing of Plaintiffs' loan. Defendant received at least two notices the property taxes were due. Despite receiving the two notices the Defendant failed to timely remit the property taxes from the Plaintiffs escrow fund.

25.

As a result of Defendant Seterus' negligence, the Plaintiffs' home was sold at a tax sale, their names were published in the local newspaper, and their customers and clients saw this notification, which caused extreme embarrassment and mental anguish to the Plaintiffs.

## **COUNT 3:**

26.

Plaintiffs restates and realleges each and every allegation as if fully set forth herein.

27.

Defendant Seterus is liable to Plaintiffs for conversion. Despite Plaintiffs making their mortgage payments, Seterus has not applied any of those payments to Plaintiffs' mortgage indebtedness. Seterus has obtained, by false pretenses, the Plaintiffs' money, and is using the Plaintiffs' payments for their own purposes without applying those payments to Plaintiffs' property taxes.

## **COUNT 4:**

28.

Plaintiffs restate and reallege each and every allegation as if fully set forth herein.

32.

Defendants are liable to Plaintiffs for fraud and negligence in their scheme to recapture the penalties they were forced to pay because of their failure to timely remit the tax payments.

33.

RESPA requires loan servicers such as Seterus to account for property taxes and insurance when calculating escrow payments. However, Seterus did not utilize the actual property taxes on Plaintiffs' property when calculating the escrows. Instead, Seterus utilized the penalty amount they had to pay for their negligence in not timely making payments on the taxes. By utilizing this penalty amount, Seterus is in effect making the Plaintiffs' pay for Defendant's errors and is capturing nearly $2,000.00 a year more than they are entitled, to use for whatever profitable purpose they see fit. This fraudulent scheme is to the benefit of Seterus and the determent of Plaintiffs.

34.

This scheme utilized by Seterus unjustly enriches the Defendant, and violates RESPA, and fraudulently and negligently damaged the Plaintiffs.

## COUNT 5:

35.

Plaintiffs restate and reallege each and every allegation as if fully set forth herein.

36.

The Defendant Seterus knowingly and maliciously provided false information to credit reporting bureaus by reporting Plaintiffs as delinquent in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C 1681 *et. seq.*

37.

Despite knowing that Plaintiffs loan was not in arrears, Defendant purposefully and willfully reported Plaintiffs' loan as delinquent.

38.

Because of Seterus improper credit reporting, Plaintiffs were denied credit and suffered emotional distress and anguish as a result.

39.

The Defendant's conduct with respect to credit reporting amounts to fraud, negligence, and breach of Plaintiffs' Note and Mortgage for which Plaintiffs have suffered damages including loss of credit, damage to credit and all other damages available under FCRA.

## JURY DEMAND:

40.

Plaintiffs demand a jury trial herein.

**WHEREFORE,** Plaintiffs pray that after due proceedings be had that there be a judgment in their favor against the Defendant, for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid, attorneys fees, for all costs of these proceedings, and for such other and further relief as the Court shall deem necessary and proper.

**Respectfully Submitted,**

**DAVID S. MOYER, L.L.C.**

_____
**DAVID S. MOYER (#28166)**
**S. ELIZA JAMES (#35182)**
**13551 River Road**
**Luling, LA 70070**
**985-308-1509**
**985-308-1521 (Fax)**
**Attorneys for Plaintiffs**