UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN BAXA ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-5434** |
| **SETERUS, INC.** | **SECTION: "H"(5)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss the Amended Class Action Complaint (Doc. 23). For the following reasons, the Motion is GRANTED IN PART.

### BACKGROUND

Plaintiffs John Baxa and Linda Baxa filed their Initial Complaint in this Court on May 31, 2017 asserting claims for state law breach of contract, negligence, conversion, and fraud, and for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.[1] Plaintiffs alleged that

---

[1] Doc. 1.

1

Defendant, the servicer of Plaintiffs' home mortgage, failed to timely pay property taxes on their home resulting in the home being sold at a public tax sale, attempted to recover the resulting tax penalties from Plaintiffs via an increase in their escrow payment, failed to notify them of the increased payment, and improperly reported Plaintiffs' failure to pay that increase to credit agencies. Plaintiffs filed their First Amended Complaint on June 7, 2017, asserting the same claims.[2]

On December 1, 2017, Plaintiffs sought and were granted leave of Court to amend their First Amended Complaint to assert the existence of a class of similarly situated plaintiffs and make claims on their behalf.[3] Plaintiffs filed their Amended Class Action Complaint on December 4, 2017.[4] The Amended Class Action Complaint does not include a statement incorporating either of the previous complaints filed by Plaintiffs. With respect to the named Plaintiffs, the Amended Class Action Complaint alleges that Defendant "negligently and fraudulently mismanaged Plaintiffs' loans," causing Plaintiffs to suffer mental anguish, negative impacts to their credit, and the improper default of their home loan.[5] The Amended Class Action Complaint reframes some of the factual allegations of the First Amended Complaint as allegations concerning the entire class.[6]

Defendant now moves to dismiss the Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim on which relief can be granted. Defendant argues that Plaintiffs fail to state a claim for breach of contract, fraud, or violations of RESPA or the FCRA,

---

[2] Doc. 4.
[3] Doc. 15.
[4] Doc. 18.
[5] *See* Doc. 18 at 3–4.
[6] *See* Doc. 18 at 7–9.

and that Plaintiffs' negligence and conversion claims are prescribed. Plaintiffs oppose the Motion.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[7] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[9] The Court need not, however, accept as true legal conclusions couched as factual allegations.[10]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[12] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[13]

## **LAW AND ANALYSIS**
### I. Violations of the Fair Credit Reporting Act

Defendant argues that Plaintiffs' claim for violations of the FCRA should be dismissed because Plaintiffs fail to allege the specific provision of the law

---

[7] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[8] *Id.*
[9] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[10] *Iqbal*, 556 U.S. at 678.
[11] *Id.*
[12] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[13] *Lormand*, 565 F.3d at 255–57.

that Defendant violated. Plaintiffs continue that silence in their response to Defendant's Motion. Accordingly, because Plaintiffs have not alleged which specific provision of the FCRA that Defendant violated, their claim under the FCRA is dismissed without prejudice.[14]

## II. Violations of the Real Estate Settlement Practices Act

Defendant argues that Plaintiffs' claim for violations of RESPA should be dismissed because Plaintiffs fail to identify the specific provision of the law that Defendant violated and because the law does not provide a private right of action to challenge improper escrow calculations. In response, Plaintiffs state that they are asserting a claim pursuant to 12 U.S.C. §§ 2605(e), (f), and (g) for the failure to correct an escrow calculation incorrectly based on the amount of money required to redeem the property from a tax sale, rather than the actual amount of property taxes owed.

Subsection (e) of 12 U.S.C. § 2605 requires a mortgage servicer to respond to a qualified request for information made by a borrower with either the information that the borrower requested, the correction to the mortgage account that the borrower requested, or a written explanation of why the servicer believes the account to be correct.[15] It also forbids a servicer from providing information to a consumer reporting agency about any overdue payment that was the subject of a qualified request for 60 days after the request was made.[16] Subsection (g) requires the servicer of a federally related mortgage to make payments from an escrow account in a timely manner.[17]

---

[14] *See Iqbal*, 556 U.S. at 678.
[15] 12 U.S.C. § 2605(e).
[16] 12 U.S.C. § 2605(e)(3).
[17] 12 U.S.C. § 2605(g).

4

Subsection (f) makes a servicer liable to an individual for actual and statutory damages resulting from the failure to comply with the provisions of § 2605.[18]

None of Plaintiffs' complaints make any allegation that Plaintiffs sent a qualified written request for information as required under § 2605(e) and therefore Plaintiffs have failed to state a claim under that provision. Plaintiffs generally allege that Defendant failed to timely pay taxes out of their escrow account, as required by § 2605(g), but fail to allege all of the required elements of such a claim. In order to state a claim under § 2605(g), a plaintiff must allege that:

> (1) the borrower had a federally related mortgage loan; (2) the terms of the loan agreement require the borrower to make payments to an escrow account; (3) the borrower owed taxes or premiums that were to be paid out of the escrow accounts; (4) the servicer failed to make such payments in a timely manner . . . ; and (5) at the time the premium payment was due, the borrower was not more than 30 days delinquent in making mortgage payments.[19]

Plaintiffs fail to allege that their loan was federally related or that they were current in their mortgage payments.[20] Accordingly, Plaintiffs have failed to state a claim under § 2605(g). Having failed to sufficiently allege a claim under either § 2605(e) or § 2605(g), Plaintiffs' claim for violations of RESPA is dismissed without prejudice.

---

[18] 12 U.S.C. § 2605(f).
[19] Hyderi v. Washington Mut. Bank, FA, 235 F.R.D. 390, 399 (N.D. Ill. 2006); *see* 12 U.S.C. § 2605(g); 12 C.F.R. § 1024.17(k)(1) ("If the terms of any federally related mortgage loan require the borrower to make payments to an escrow account, the servicer must pay the disbursements in a timely manner, that is, on or before the deadline to avoid a penalty, as long as the borrower's payment is not more than 30 days overdue.").
[20] Plaintiffs' First Amended Complaint contains more detailed factual allegations, but has been entirely superseded by the Amended Class Action Complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). Still, Plaintiffs' First Amended Complaint also fails to allege that the loan was federally related or that Plaintiffs were current on their payments.

## III. Breach of Contract

Defendant argues that Plaintiffs' claim for breach of contract should be dismissed because it merely duplicates Plaintiffs' RESPA claim. Plaintiffs' mortgage requires Defendant to apply escrow funds to pay escrow items "no later than the time specified under RESPA."[21] However, the reference to RESPA for the purposes of establishing the time in which Defendant must pay escrow items does not collapse the entire obligation to comply with that contractual provision into an obligation to merely comply with RESPA. For instance, the contractual obligation to pay escrow items would exist whether or not the mortgage was federally related, as required for RESPA to apply. Given that Plaintiffs' RESPA claim has been dismissed, the breach of contract claim is not duplicative.

Under Louisiana law, the elements of a breach of contract claim are, "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee."[22] Plaintiffs' Amended Class Action Complaint alleges that Defendant undertook the obligation to pay escrow items in a timely manner, that Defendant failed to do so, and that Plaintiffs suffered damages as a result. Plaintiffs have therefore stated a claim for breach of contract. Accordingly, Defendant's Motion to Dismiss Plaintiffs' breach of contract claim is denied.

---

[21] Doc. 23-3 at 4. The Court may consider Plaintiffs' mortgage because it is referenced in the Amended Class Action Complaint and central to its claims, and because Plaintiffs have not objected to such consideration. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

[22] Star Fin. Servs., Inc. v. Cardtronics USA, Inc., 882 F.3d 176, 179 (5th Cir. 2018) (quoting Favrot v. Favrot, 68 So. 3d 1099, 1108–09 (La. App. 4 Cir. 2011)).

## IV. Negligence and Conversion

Defendant argues that Plaintiffs' claims for negligence and conversion should be dismissed because liberative prescription has run. "Delictual actions are subject to a liberative prescription of one year."[23] Negligence and conversion are delictual.[24] "Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort."[25]

Defendant attaches to its Motion copies of the notices that were published in the local newspaper announcing that Plaintiffs' home was subject to a tax sale.[26] The notices were published on April 28, 2016 and May 26, 2016. Defendant argues that Plaintiffs had constructive notice of Defendants' alleged conversion and negligence by at least May 26, 2016, more than one year before Plaintiffs filed suit on May 31, 2017. Plaintiffs do not dispute that they had constructive notice of the fact that Defendant had not paid their property taxes by the date of the second publication, May 26, 2016.[27] Instead, Plaintiffs argue that prescription did not commence until they had notice that the property was actually sold in the tax sale because Plaintiffs had not suffered damages until that time.

"[I]n cases in which a plaintiff suffers some but not all of his damages, prescription runs from the date on which he first suffers actual and appreciable damage, even though he may thereafter come to a more precise realization of

---

[23] LA. CIV. CODE art. 3492.
[24] *See* Bihm v. Deca Sys., Inc., 226 So. 3d 466, 480 (La. App. 1 Cir. 2017); Carriere v. Jackson Hewitt Tax Serv. Inc., 750 F. Supp. 2d 694, 704 (E.D. La. 2010).
[25] Campo v. Correa, 828 So. 2d 502, 510 (La. 2002); *see also* Hogg v. Chevron USA, Inc., 45 So. 3d 991, 997 (La. 2010) (citing *Campo* in the context of damage to property).
[26] The Court may consider the notices at this stage because Plaintiffs reference the notices in their complaint, Doc. 18 at 8, because the notices are central to their claim that they suffered emotional damage and embarrassment as a result of the publication of the notices, and because Plaintiffs do not object. *See Scanlan*, 343 F.3d at 536.
[27] *See* Doc. 27 at 6–7.

the damages he has incurred or incur further damage as a result of the completed tortious act."[28] Plaintiffs' Amended Class Action Complaint alleges that Plaintiffs suffered mental anguish when their names were published in local newspapers as tax debtors "for the community to see."[29] Plaintiffs, therefore, allege that at least some of the damage that they incurred from Defendant's failure to make timely escrow payments resulted from the mere publication of notices identifying them as tax debtors. Plaintiffs do not contest that they also had constructive notice of the tax delinquency as of the publication of the notices. The publication thus created injury and notice as of May 26, 2016, triggering prescription. That Plaintiffs suffered additional injury later on does not change the time at which prescription began to run.[30] Accordingly, Plaintiffs' claims for negligence and conversion are dismissed with prejudice.

V. **Fraud**

Defendant argues that Plaintiffs' claim for fraud should be dismissed because Plaintiffs fail to plead factual allegations supporting such a claim.[31] Federal Rule of Civil Procedure 9(b) requires that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[32] In the Fifth Circuit, a plaintiff asserting fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[33]

---

[28] *Hogg*, 45 So. 3d at 1001.
[29] Doc. 18 at 8.
[30] *See Hogg*, 45 So. 3d at 1001.
[31] Doc. 23-1 at 1 n.1.
[32] FED. R. CIV. P. 8(b).
[33] Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 207 (5th Cir. 2009) (quoting Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997)).

8

Plaintiffs' most specific allegation regarding fraud is that, "As a result of the actions of Seterus, they knowingly and maliciously with callous disregard for the accuracy of the information to various credit bureaus that the mortgagee were delinquent in the payment of their loans. [sic]"[34] This allegation fails to specify the particular statements contended to be fraudulent or state when and where the statements were made. Accordingly, Plaintiffs' claim for fraud is dismissed without prejudice.

## **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss is GRANTED IN PART. Plaintiffs' claims for negligence and conversion are DISMISSED WITH PREJUDICE. Plaintiffs' claims for fraud and under RESPA and the FCRA are DISMISSED WITHOUT PREJUDICE. Defendant's Motion is DENIED with respect to Plaintiffs' claim for breach of contract.

**IT IS FURTHER ORDERED** that Plaintiffs may amend their Amended Class Action Complaint within 20 days of this order to correct the deficiencies identified within.

New Orleans, Louisiana this 30th day of July, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[34] Doc. 18 at 8.