UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN BAXA ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-5434** |
| **SETERUS, INC.** | **SECTION: "H"** |

### ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. 48), Plaintiffs' Motion to Strike (Doc. 49), and Defendant's Motion to Substitute (Doc. 53).

Defendant on September 11, 2018 filed a Motion to Dismiss Plaintiffs' Fourth Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] Attached to Defendant's Motion are three different documents. The first is a summary of Plaintiffs' initial disclosures.[2] The second is an account statement regarding Plaintiffs' loan account with Defendant.[3] And the third is Plaintiffs' mortgage with First National Bank.[4]

On September 24, 2018, Plaintiffs moved to strike all three attachments.[5] Plaintiffs argued that it was improper for the Court to consider such evidence at the Motion to Dismiss stage and that the attachments were irrelevant and unauthenticated. Defendant opposed Plaintiffs' motion but also

---

[1] *See* Doc. 48.
[2] Doc. 48-2.
[3] Doc. 48-3.
[4] Doc. 48-4.
[5] *See* Doc. 49.

1

subsequently moved to substitute an authenticated version of the account statement for the unauthenticated version.[6]

Regarding Plaintiffs' initial disclosures, the Court need not strike the document from the record because this Court will not consider them at this stage of the proceedings. As for the account statement, this Court finds it highly relevant to this case. Whether Plaintiffs were timely paying their mortgage bills is a material fact for Plaintiffs' breach of contract and federal law claims. Because the statement suggests Plaintiffs were behind on those payments, the statement is relevant to deciding those claims. Further, to the extent Plaintiffs challenge the authenticity of the statement, Defendant's substituted version of the statement has been authenticated.[7] Finally, the same mortgage document Plaintiffs now seek to strike was attached to Defendant's original Motion to Dismiss filed in January 2018.[8] Plaintiffs did not object to the attachment when they opposed Defendant's original Motion to Dismiss, and the Court relied on the attachment when issuing its ruling regarding the Motion.[9] Thus, Plaintiffs have waived any objection to this document's existence in the record, and it need not be struck from the instant Motion to Dismiss.

As a final matter, the Court notes that Plaintiffs did not attach the account statement to any of their amended complaints, nor was the statement referred to in any of Plaintiffs' pleadings. Thus, it would be improper for this Court to consider the account statement when analyzing the instant Motion to

---

[6] *See* Doc. 53.
[7] *See* Doc. 53-1.
[8] *See* Doc. 23-3.
[9] *See* Doc. 39 at 6 n.21 (referencing record document 23-3, an attachment to Defendant's previous Motion to Dismiss, which is the same document Defendant attached as record document 48-4 to the instant Motion to Dismiss).

Dismiss.[10] Nevertheless, this Court possesses the authority to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment, at which point it would be appropriate to consider such evidence.[11] When making such a conversion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."[12] Accordingly, the parties will be given 14 days to submit to the Court additional evidence they believe may be relevant to Defendant's converted motion.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 48) is hereby converted into a Motion for Summary Judgment pursuant to Federal Rule of Procedure 12(d). The parties shall have 14 days to submit to the Court any additional evidence they wish the Court to consider in analyzing Defendant's converted motion.

It is further ordered that Plaintiffs' Motion to Strike is **DENIED**, and Defendant's Motion to Substitute is **GRANTED**. Record Document 53-1 shall be substituted for Record Document 48-4.

New Orleans, Louisiana this 23rd day of January, 2019.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *See* Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments.").
[11] *See* FED. R. CIV. P. 12(d).
[12] *Id.*